IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10011
Summary Calendar

_____

IN RE:  DAVID LEE SMITH,

                              Defendant-Appellant,

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-MC-31-D
--------------------
September 26, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     David Lee Smith appeals his disbarment by the federal
district court following his disbarment by the United States
Court of Appeals for the Tenth Circuit.  Smith also appeals the
panel's denial of his motions for a new trial and to stay
disbarment and he appeals District Court Chief Judge Buchmeyer's
denial of his petition for extraordinary relief under the local
rules.  We find no abuse of discretion in the denial of Smith's
motions and his request for extraordinary relief.

     Smith argues that the disbarment proceedings violated
principles of due process because the district court did not
appoint an independent prosecutor or hold an evidentiary hearing
where Smith could have presented unspecified expert testimony;

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the court's refusal to dismiss the disciplinary proceeding effectively "reversed" the Texas bar's decision not to pursue reciprocal disciplinary charges against Smith; that the district court did not adequately address his arguments that he did not receive due process in the Tenth Circuit disciplinary proceedings and that the Tenth Circuit disbarred him based on inadequate proof; that the disbarment proceedings should have been dismissed as time-barred; that the actions for which he was disbarred in the Tenth Circuit do not constitute "unethical behavior" under the Northern District's local rules; that the reciprocal disbarment is unconstitutional because the Tenth Circuit's decision to disbar him is such a severe sanction that it amounts to a conviction for criminal contempt and constitutes cruel and unusual punishment; and that the district court panel members and District Court Chief Judge Buchmeyer are biased against Smith and refused to give him an impartial hearing.

Finally, Smith challenges the constitutionality of N.D. Tx. CIV. R. 83.8(c), which provides for reciprocal disbarment proceedings, on the basis that the rule does not require that an attorney facing disbarment charges be given notice of the specific grounds for revoking his bar membership and an opportunity to show cause why his bar membership should not be revoked. We find it unnecessary to address this argument because it is clear from the record that Smith received fair notice of the charges against him and that he was given an opportunity to present a defense and explain the charges. See In re Ruffalo, 390 U.S. 544, 550 (1968).

Having reviewed the record of Smith's disciplinary proceedings in the district court and in the Tenth Circuit, we find no constitutional violation and no abuse of discretion in the district court's decision to disbar Smith.  <u>Selling v. Radford</u>, 243 U.S. 46, 51 (1917); <u>In re Dawson</u>, 609 F.2d 1139, 1142 (5th Cir. 1980).

AFFIRMED.